**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                                         Case No.  6:02-cr-88-Orl-31KRS

**HARVEY R. JOHNSON**

---

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   MOTION TO CONSIDER APPEAL TO BE TIMELY FILED (Doc. No. 385)
>
> **FILED:**    September 15, 2008
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

  Defendant Harvey R. Johnson, appearing *pro se*, asks that the Court consider his appeal from the order denying his motion for reduction of sentence to have been timely filed. The order denying the motion for reduction of sentence was entered on August 21, 2008. Doc. No. 381. Under Federal Rule of Appellate Procedure 4(b)(1)(A)(i), the notice of appeal from this order had to be filed within ten days after entry of the order. Johnson's notice of appeal was filed on September 15, 2008, 25 days after entry of the order. Doc. No. 384.

  In the present motion, Johnson states that he learned during a telephone call to the Clerk of Court on August 28, 2008, that his motion for reduction of sentence was denied on August 21, 2008.

Doc. No. 385 ¶ 1. He received a copy of the order at 3:40 p.m. on August 28, 2008. *Id.* ¶ 5. Johnson immediately delivered his notice of appeal to the mailroom officer at the jail, who told him the postage needed, which Johnson purchased. *Id.* ¶¶ 7-8. He placed the notice of appeal with postage in the outgoing legal mail box, along with a copy of the notice of appeal addressed to the United States Attorney's Office. *Id.* ¶ 9. On September 9, 2008, his notice of appeal was returned for insufficient postage. *Id.* ¶ 10 & Ex. C. The stamp on the returned mail indicates that it was processed by the prison on August 29, 2008. Doc. No. 385 at 6. Therefore, had Johnson not been given incorrect information about the postage due, the notice of appeal would have been timely filed.

Johnson's motion falls under Federal Rule of Appellate Procedure 4(b)(4), which permits the Court to extend the time for filing a notice of appeal for not longer than 30 days upon a finding of excusable neglect or good cause. *See also United States v. Martinez*, 202 Fed. Appx. 447 (11th Cir. 2006). The United States has not filed a response to Johnson's motion, and the time for doing so has passed. Therefore, Johnson's representation[1] of the facts resulting in the untimely filing is unrebutted.

I recommend that the Court find good cause to extend the time for Johnson to file his notice of appeal and accept the notice of appeal as timely filed. Based on Johnson's representation, which is supported by the attached exhibits, he timely mailed his notice of appeal. The return of the notice was due to inaccurate information provided by the prison mailroom officer. The notice of appeal was filed within 40 days after entry of the order, which is within the extension of time permitted by Rule 4(b).

---

[1] Johnson attempted to verify his motion pursuant to 28 U.S.C. § 1746, but the language he used is not the language required by that statute.

The Clerk of Court is directed to mail a copy of this Report and Recommendation to Harvey Johnson at his address of record.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Orlando, Florida on this 25th day of November, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
Courtroom Deputy